1

2

3                      UNITED STATES DISTRICT COURT

4                    NORTHERN DISTRICT OF CALIFORNIA

5

6    LAUREN E. M.,                          Case No. 19-cv-01983-JSC

7              Plaintiff,
                                            **ORDER RE: CROSS-MOTIONS FOR**
8         v.                                **SUMMARY JUDGMENT**

9    ANDREW SAUL, Comm'r of Soc. Sec.        Re: Dkt. Nos. 13, 14
     Admin.,
10             Defendant.

11

12        Plaintiff seeks social security benefits for a combination of mental impairments including

13   adjustment disorder with depressed mood and post-traumatic stress disorder.  In accordance with

14   42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the

15   Commissioner of Social Security denying her benefits claim.  Under 28 U.S.C. § 636(c), the

16   parties consented to the jurisdiction of a magistrate judge and submitted requests for summary

17   judgment.  (Dkt. Nos. 8, 10.)  Because the Administrative Law Judge rejected a Department of

18   Veteran Affairs disability determination without support by substantial evidence and improperly

19   weighed certain medical evidence, the Court GRANTS Plaintiff's motion, DENIES Defendant's

20   cross-motion, and REMANDS for further proceedings consistent with this Order.

21                              **BACKGROUND**

22        Plaintiff filed an application for disability insurance benefits under Title II of the Social

23   Security Act on December 14, 2016, alleging a disability onset date of March 1, 2011.

24   (Administrative Record ("AR") 267–68.)  After her application was denied initially and upon

25   reconsideration, she submitted a written request for a hearing and Administrative Law Judge

26   ("ALJ") Michael A. Cabotaje held a hearing on May 17, 2018.  (AR 32, 47–67.)  Prior to the

27   hearing, the ALJ ordered a consultative examination of Plaintiff because the medical record

28

United States District Court
Northern District of California

United States District Court
Northern District of California

contained only one other consultative examination.  (AR 51.)  The ALJ offered to postpone the hearing until after the examination, however, the Plaintiff declined to postpone the hearing.  (*Id.*)  On October 12, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.  (AR 33.)

In his decision, the ALJ found Plaintiff had filed a previous application for disability benefits, which was denied upon reconsideration on December 27, 2012.  (AR 111–17.)  Due to the prior application, the ALJ held that the relevant time period at issue in this matter—the unadjudicated period—is from the day after the previous denial upon reconsideration, December 28, 2012, through the date last insured of March 31, 2016.  (AR 32.)  The ALJ determined that Plaintiff had the severe impairments of adjustment disorder with depressed mood and post-traumatic stress disorder ("PTSD").  (AR 34.)  Further, the ALJ found that these severe impairments "significantly limit[ed] the ability [of Plaintiff] to perform basic work activities . . . ."  (AR 35.)  But, the ALJ concluded that these severe impairments—considered individually and in combination—did not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1.  (AR 35–36.)  The ALJ then determined Plaintiff had the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant was able to understand, remember, and apply information with simple two to three step tasks in a setting without fast-paced performance demands.  She was able to make simple decisions; have superficial interaction with others; and tolerate occasional changes in a routine work setting.

(AR 36.)

After the ALJ's decision, Plaintiff filed a request for review.  (AR 264–66.)  The Appeals Council denied review—making the ALJ's decision final—and Plaintiff sought review in this Court.  (Dkt. No. 1.)  In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment, which are now ready for decision without oral argument.  (Dkt. Nos. 13, 14.)

**ISSUES FOR REVIEW**

1.  Did the ALJ err by rejecting Plaintiff's Department of Veterans Affairs ("VA") disability determination?

2.  Did the ALJ err by finding that a gap in Plaintiff's mental health treatment indicated a period of non-disability?

2

3. Did the ALJ err in weighing the medical evidence, not fully developing the record, and finding that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments?

4. Is the ALJ's RFC supported by substantial evidence?

**LEGAL STANDARD**

Claimants are considered disabled under the Social Security Act if they meet two requirements. *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the impairment or impairments must be severe enough that they are unable to do their previous work and cannot, based on age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). In determining disability, an ALJ employs a five-step sequential analysis, examining:

> (1) whether the claimant is doing substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments that has lasted for more than 12 months; (3) whether the impairment meets or equals one of the listings in the regulations; (4) whether, given the claimant's residual functional capacity, the claimant can still do his or her past relevant work; and (5) whether the claimant can make an adjustment to other work.

*Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal quotation marks omitted).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error. Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). Where evidence is "susceptible to more than one rational interpretation," a reviewing court must uphold the ALJ's conclusion. *Id.* In other words, "[i]f the evidence can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the [ALJ]." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and

1    citation omitted).  But, "a decision supported by substantial evidence will still be set aside if the

2    ALJ did not apply proper legal standards."  *Id.*

3                                                    **DISCUSSION**

4    **A.  The VA Disability Determination**

5            Plaintiff contends the ALJ erred by rejecting the VA disability determination without

6    giving specific and valid reasons for doing so.  When assessing disability, an ALJ must consider

7    any VA determinations and ordinarily must assign such determinations great weight.  *Luther v.*

8    *Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018).  An ALJ may only give less than great weight to a

9    VA determination if the ALJ gives "persuasive, specific, [and] valid reasons for doing so that are

10   supported by the record."  *Id.* at 876–77.  Plaintiff's VA determination diagnosed Plaintiff with

11   PTSD, assessed her a Global Assessment of Functioning ("GAF") score of 40, and included a VA

12   disability rating of 100% for her PTSD.  (AR 304.)  GAF scores in the range of 31-40 indicate

13   "some impairment in reality testing or communication; or major impairment in several areas, such

14   as work or school, family relations, judgment, thinking, or mood."  (*Id.*)  The VA determination

15   also rated Plaintiff as "permanently and totally disabled effective July 5, 2011."  (AR 295.)  After

16   reviewing the VA determination, the ALJ found Plaintiff's "identified medically determinable

17   impairment of PTSD consistent with the record."  (AR 38.)  Despite this finding, the ALJ rejected

18   the VA disability determination for three reasons.

19           First, the ALJ rejected the VA determination "given the different standards of the [Social

20   Security and Veterans Affairs disability] programs."  (*Id.*)  This rationale conflicts with the Ninth

21   Circuit's holding of "marked similarity" between the two programs and its consequent

22   requirement that an ALJ "ordinarily give great weight to a VA determination of disability."

23   *Luther*, 891 F.3d at 876.  Further, binding Ninth Circuit law—ignored by Defendant—requires the

24   ALJ to give great weight to the VA determination unless the ALJ provides persuasive, specific,

25   and valid reasons for not doing so.  *Luther*, 891 F.3d at 876–77.  Given this binding law,

26   differences between the two programs cannot be the basis for rejecting the VA determination, as

27   those differences exist in every case.  Defendant's attempt to fault Plaintiff for not conducting her

28   own comparison of the two programs, and then offering further support for the ALJ's conclusory

United States District Court
Northern District of California

1   statement of differences between the two programs is unpersuasive.  Even assuming those

2   differences could be a valid rationale, Defendant cannot rely on post hoc rationalizations that go

3   beyond the "reasoning and factual findings" given by the ALJ.  *Bray v. Comm'r of Soc. Sec.*

4   *Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

5          Second, the ALJ rejected the VA determination because it was "issued within the prior

6   period of adjudication and for which res judicata applies."  (AR 38.)  The VA determination rated

7   Plaintiff as totally and permanently disabled as of July 2011, six months prior to the start of the

8   unadjudicated period in this matter, and VA ratings of permanent disability are only issued when

9   an impairment results, as here, in total disability and that impairment is "reasonably certain to

10  continue throughout the life of the disabled person."  38 C.F.R. § 3.340(b).  While the ALJ is

11  correct that the VA determination was issued during the prior adjudicated period, res judicata only

12  extends up to the date of the prior determination—December 27, 2012.  The ALJ did not and

13  could not apply res judicata prospectively to the unadjudicated period at issue and failed to

14  provide any reason for why the VA determination of permanent disability should not be

15  considered with respect to the unadjudicated period.  Defendant again provides several post-hoc

16  rationalizations to support the ALJ's finding, however, this posturing is unacceptable because the

17  ALJ did not provide any of Defendant's reasoning in his decision.  *Bray*, 554 F.3d at 1225.

18         Third, the ALJ rejected the VA determination as not representing longitudinal evidence of

19  any limitations because Plaintiff did not receive mental health treatment during the unadjudicated

20  time period at issue in this matter.  (AR 38.)  The VA determination that Plaintiff suffered from a

21  permanent disability, however, does represent some longitudinal evidence of limitations.  What

22  the ALJ seems to be saying is that the VA determination of permanent disability is not consistent

23  with Plaintiff's lack of treatment during the unadjudicated period at issue.  Whether this reason

24  constitutes a persuasive, specific, and valid reason for rejecting the VA disability determination

25  turns, then, on Plaintiff's failure to obtain mental health treatment during the period at issue.

26         The ALJ found no evidence of Plaintiff's mental health treatment during the unadjudicated

27  time period at issue and concluded that her lack of treatment suggested Plaintiff's PTSD was

28  neither disabling nor severe.  (AR 37.)  Plaintiff offered the ALJ five reasons for her lack of

United States District Court
Northern District of California

United States District Court
Northern District of California

1   mental health treatment.  First, the VA informed Plaintiff they could no longer meet her needs due

2   to an influx of new patients.  (AR 59.)  Second, she had a general distrust of the VA because of the

3   negative experiences of her brother during his VA treatment for PTSD.  (AR 60–61.)  Third,

4   Plaintiff did not want to take any medication for PTSD because of her belief that her brother had

5   taken similar medication that led to his death by suicide.  (*Id.*)  Fourth, she feared being re-

6   committed to the acute psych ward, which occurred previously after suffering an anxiety attack at

7   work.  (AR 60, 723.)  Finally, she lost her VA insurance and did not have other insurance to

8   continue treatment.  (AR 60–61.)  Confusingly, the ALJ opined that the reasons given by the

9   Plaintiff "could [all] be reasonable explanations" yet still rejected her testimony because it was

10  unsupported by the record.  (AR 37.)  To properly support the rejection of Plaintiff's testimony,

11  the ALJ needed to provide clear and convincing reasons for the testimony he found not credible

12  and explain "*which* evidence contradicted that testimony."  *Laborin v. Berryhill*, 867 F.3d 1151,

13  1155 (9th Cir. 2017).

14          The ALJ's only evidentiary support for rejecting Plaintiff's explanations for the gap in

15  treatment is a solitary treatment record stating Plaintiff "was being treated for PTSD . . . then VA

16  terminated her treatment, as they had more severe cases."  (AR 1099.)  Using this lone snippet,

17  along with an absence of emergency room visits or medication treatment for Plaintiff in the record,

18  the ALJ rejected Plaintiff's explanations for the gap in treatment.  (AR 37.)  This is unavailing

19  because while an ALJ may consider lack of treatment in determining a plaintiff's credibility,

20  *Burch*, 400 F.3d at 681, an ALJ must also "consider and address reasons for not pursuing

21  treatment that are pertinent to an individual's case," including lack of medical insurance.  SSR 16-

22  3P, 2017 WL 5180304 *10 (Oct. 25, 2017).  Further, a lack of emergency room visits or

23  medication treatment in the record cannot be a clear and convincing reason for rejecting Plaintiff's

24  testimony because the absence would exist independent of whether or not Plaintiff had pertinent

25  reasons for not pursuing treatment.

26          The ALJ erred by failing to analyze Plaintiff's testimony regarding her lack of insurance

27  because Plaintiff's "failure to receive medical treatment during the period that [s]he had no

28  medical insurance cannot support an adverse credibility finding."  *Orn v. Astrue*, 495 F.3d 625,

6

638 (9th Cir. 2007).  Here, the ALJ needed to analyze the reasons *why* Plaintiff did not pursue treatment.  The ALJ did not.  Thus, the gap in treatment is not a persuasive, valid and specific reason for rejection of the VA determination.

Defendant's citation to *Valentine v. Comm'r SSA*, to support its argument that the ALJ properly rejected the VA determination because of the gap in treatment is unpersuasive.  574 F.3d 685, 695 (9th Cir. 2009).  *Valentine* did not address the rejection of a VA determination due to a gap in treatment, but instead addressed an ALJ's rejection of a VA determination because the ALJ discredited the medical opinion on which the VA determination rested.  Defendant's reliance on *Lerch v. Colvin*, is similarly unavailing.  583 F. App'x 608, 609 (9th Cir. 2014) (unpublished).  In *Lerch*, the ALJ also rejected a VA determination because the ALJ disagreed with the findings of the doctor on which the VA determination rested.

Accordingly, the ALJ failed to provide specific, clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's VA disability determination.

## B.  The Listed Impairments

Plaintiff next contends the ALJ erred in finding that Plaintiff's PTSD did not meet or equal the severity of one of the listed impairments because the ALJ improperly rejected the VA disability determination and the medical opinion evidence of Drs. Tanley and Dixit.  In making this determination, the ALJ considered the four broad areas of mental functioning—the Paragraph B criteria—set out in the disability regulations for evaluating mental disorders.  The ALJ found that Plaintiff's PTSD did not result in marked limitations in two out of the four areas of mental functioning, which is a requirement to satisfy the Paragraph B criteria.  Plaintiff challenges the ALJ's weighing of the medical opinion evidence from Drs. Tanley and Dixit, arguing that if the opinions had been properly weighed, the ALJ would have determined that Plaintiff met one of the listings because both doctors diagnosed Plaintiff with PTSD and assessed Plaintiff with marked limitations in at least two of the four areas of mental functioning.  The Court earlier discussed the improper rejection of the VA disability determination and agrees that Dr. Dixit's opinion was improperly weighed.  But, the Court concludes that the ALJ did not err in discounting the opinion of Dr. Tanley.

United States District Court
Northern District of California

United States District Court
Northern District of California

In the Ninth Circuit, courts must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non[-]examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (as amended (Apr. 9, 1996)). A treating physician's opinion is entitled to more weight than that of an examining physician, and an examining physician's opinion is entitled to more weight than that of a non-examining physician. *Orn*, 495 F.3d at 631. "[T]he opinion of an examining [physician], even if contradicted by another [physician], can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record," and the ALJ "must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester*, 81 F.3d at 830–31 (internal quotation marks omitted). And, "[a]n impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted).

### 1) Dr. James Tanley

Dr. Tanley examined Plaintiff in October 2012—two months prior to the relevant adjudicated time period—and diagnosed her with PTSD and adjustment disorder with depressed mood. (AR 39.) The ALJ rejected Dr. Tanley's opinion for three reasons: (1) the exam occurred before the relevant adjudicated time period, (2) the opinion did not represent longitudinal evidence of limitations, and (3) the opinion was not consistent with Plaintiff's gap in mental health treatment. (*Id.*)

Plaintiff does not argue that the ALJ's first reason for rejecting Dr. Tanley's opinion was erroneous. Instead, Plaintiff challenges the ALJ's finding that Dr. Tanley's opinion did not represent longitudinal evidence and argues that Dr. Tanley's opinion, considered in conjunction with the VA determination and Dr. Dixit's opinion, do represent longitudinal evidence of disability. The ALJ's reasoning that Dr. Tanley's single examination does not represent longitudinal evidence of disability is valid. Plaintiff is offering an alternative interpretation of the medical record, however, "[w]here evidence is susceptible to more than one rational interpretation,

1   it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679.  The Court previously

2   addressed the ALJ's findings concerning the gap in treatment and found that the ALJ erred.  Thus,

3   although the ALJ erred in using the gap in treatment to discount Dr. Tanley's opinion, the Court

4   finds the error harmless because the ALJ provided two other specific and legitimate reasons for

5   rejecting Dr. Tanley's opinion.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099

6   (9th Cir. 2014); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

7      **2) Dr. Aparna Dixit**

8      Prior to the ALJ hearing, the ALJ ordered the consultative examination of Plaintiff with

9   Dr. Dixit because the last examination of Plaintiff was in 2012 and the ALJ "thought it would be

10  useful to have another one."  (AR 51.)  Dr. Dixit's examination found that Plaintiff's memory was

11  in the impaired range and had "marked symptoms of anxiety and mood dysfunction and marked

12  impairments."  (AR 38–39.)  Although the ALJ ordered the exam, he assigned little weight to the

13  resulting opinion because the examination occurred two years after the last date insured, the

14  limitations assessed by Dr. Dixit did not relate back to the time period before the date last insured,

15  and there was no supporting medical evidence.  (*Id.*)

16     Plaintiff argues the ALJ should have more fully developed the record rather than discount

17  Dr. Dixit's opinion.  Plaintiff's argument has merit, especially when, as here, the ALJ sua sponte

18  recognized the need for a new examination and ordered said examination.  (AR 51.)  The ALJ's

19  rejection of Dr. Dixit's opinion makes even less sense in light of his statement at the hearing that

20  "what I'm going to do is, I'll keep that appointment with the [consultative] examiner.  And, we'll

21  get a report from [Dr. Dixit], that physician.  And I'll look at that in light of your testimony today

22  and the record."  (AR 61.)  However, the Court does not need to address Plaintiff's developing the

23  record argument because, as discussed below, the Court agrees that the ALJ erred in assigning

24  little weight to Dr. Dixit's opinion.

25     It is well-settled that medical opinions "made after the period for disability are relevant to

26  assess the claimant's disability."  *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988).  Thus,

27  although Dr. Dixit's opinion was issued two years after the date last insured, the ALJ needed to do

28  more than merely point to Dr. Dixit's examination occurring after the date last insured.  All

United States District Court
Northern District of California

medical opinions are "inevitably rendered retrospectively" and that fact alone should not be a basis for rejecting the opinion, even where the opinion is issued years after the expiration of insured status. *Id.* at 1225–26. Therefore, the ALJ was incorrect in finding that Dr. Dixit's opinion does not relate back to the time period before date last insured.

The ALJ's final reason for discounting Dr. Dixit's opinion—lack of supporting evidence prior to the date last insured—is unavailing for two reasons. First, Dr. Dixit's opinion, in and of itself, constitutes substantial evidence because it is based on Dr. Dixit's independent examination of Plaintiff. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Second, Dr. Dixit's opinion is uncontradicted by any other medical evidence; therefore, the ALJ was required to give clear and convincing reasons for assigning little weight to Dr. Dixit's opinion. *Lester*, 81 F.3d at 830–31. As explained above, the gap in mental health treatment does not constitute a clear and convincing reason in the absence of a proper analysis of why Plaintiff did not pursue treatment. The ALJ thus erred by not providing substantial evidence for assigning little weight to Dr. Dixit's opinion.

## C. Plaintiff's Residual Functional Capacity

Because the ALJ's rejection of Plaintiff's VA disability determination is not supported by substantial evidence, and the ALJ failed to offer clear and convincing reasons for rejecting the uncontradicted opinion of Dr. Dixit, the ALJ's decision cannot stand. Given this, the Court need not consider Plaintiff's arguments regarding errors at Step 4 and 5 of the ALJ's analysis. The ALJ's errors at Step 3 and the weighing of the medical evidence go to the heart of the disability determination and are not harmless. *See Treichler*, 775 F.3d at 1099; *Stout*, 454 F.3d at 1056. The Court cannot say that the ALJ's errors in evaluating the medical evidence and rejecting the VA determination would not have altered the ALJ's RFC determination and thus the ultimate disability determination.

United States District Court
Northern District of California

10

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff's motion, DENIES Defendant's cross-motion, and REMANDS for further proceedings consistent with this Order.

This Order disposes of Docket Nos. 13 and 14.

**IT IS SO ORDERED.**

Dated: November 9, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge